**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4162**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY RUDOLPH WADE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-03-264)

_____

Submitted: October 21, 2005      Decided: November 22, 2005

_____

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael Francis Joseph, Assistant United States Attorney, Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Rudolph Wade pled guilty to conspiracy to possess with intent to distribute in excess of 500 grams of cocaine hydrochloride, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2000), and possession of counterfeit money, 18 U.S.C. § 472 (2000). The district court sentenced Wade to 216 months of imprisonment. Wade's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but asserting the following claims: (1) the district court abused its discretion in denying Wade's motion to withdraw his guilty plea; and (2) the district court's sentence was too severe. In a supplement, counsel challenges the constitutionality of Wade's sentence under Blakely v. Washington, 542 U.S. 296 (2004). Wade has filed a pro se supplemental brief. Finding no reversible error, we affirm.

A defendant who seeks to withdraw his guilty plea before sentencing must demonstrate a "fair and just reason" for withdrawal of the plea. Fed. R. Crim. P. 11(d)(2)(B). A "fair and just" reason is one that essentially "challenges the fairness of the Fed. R. Crim. P. 11 proceeding" or "challenges the fulfillment of a promise or condition emanating from the proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). A court should closely scrutinize the Rule 11 colloquy and attach a strong presumption that the plea is final and binding if the Rule 11

proceeding is adequate.  Id.  We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996).  After reviewing the record, we find that the district court did not abuse its discretion by finding no "fair and just reason" for the withdrawal of Wade's guilty plea.

Wade also alleges that the district court's sentence was too severe.  Because we find that the district court correctly calculated the sentencing guideline range and Wade's sentence was within the statutory maximum penalty, we decline to review the district court's decision to sentence Wade in the middle of the guideline range.  United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

Wade further challenges his sentence as a career offender, see U.S. Sentencing Guidelines Manual § 4B1.1 (2003), under Blakely and United States v. Booker, 125 S. Ct. 738 (2005). Specifically, he argues that his sentence was improperly enhanced based on a prior conviction.  Because Wade did not object below, this claim is reviewed for plain error.  United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  This court has held that, where the facts are undisputed, the application of the career offender enhancement falls within the exception for prior convictions. United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005); accord United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005)

("Career offender status is not 'a sentencing judge's determination of a fact other than a prior conviction.' . . . <u>Booker</u> explicitly excepts from Sixth Amendment analysis the third component of the crime of violence determination, the fact of two prior convictions."); <u>see also</u> <u>United States v. Harp</u>, 406 F.3d 242, 247 (4th Cir. 2005) (finding no plain error in the district court's designation of Harp as a career offender), <u>cert. denied</u>, ___ S. Ct. _____, 2005 WL 2011656 (U.S. Oct. 3, 2005) (No. 05-5887). Accordingly, we find that the district court did not err in designating Wade as a career offender and that Wade's sentence does not violate the Sixth Amendment in this regard.[*]

We have reviewed Wade's claims in his supplemental brief and various supplements and find them without merit. In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Wade's conviction and sentence. To the extent that Wade challenges the court's imposition of a sentence with a properly calculated guideline range, we dismiss that portion of the appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but

---

[*]Furthermore, Wade has failed to demonstrate that the plain error in sentencing him under a mandatory guideline scheme affected his substantial rights. <u>See</u> <u>United States v. White</u>, 405 F.3d 208, 223 (4th Cir. 2005).

- 4 -

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>